UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 3:09CR221(JCH) |
| : | |
| SERGIO NATERA : | |
| and ANNA McELANEY : | |
| : | |
| Defendants. : | |

**ORDER PROVIDING FOR**
**DISCLOSURE AND PROTECTION OF GRAND JURY MATERIALS, LAW**
**ENFORCEMENT MEMORANDA AND RELEVANT TRANSCRIPTS**

On motion of the United States for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure: (1) authorizing the disclosure to counsel for the Defendants of (a) grand jury transcripts that must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, and (b) grand jury transcripts, law enforcement memoranda of interview and relevant transcripts that the United States seeks to disclose to enable Defendants to prepare for trial and to continue to fulfill its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny; and (2) limiting the extent of disclosure of these materials and the purposes for which such disclosure may be made, and it appearing to the Court that:

    1.    The United States expects to disclose to the Defendants certain redacted grand jury transcripts, memoranda of interview and relevant transcripts; and

    2.    Unfettered disclosure of grand jury transcripts, law enforcement memoranda of interview and case-related transcripts will frustrate the broad societal interest in grand jury

secrecy and the interest of the United States in confidential investigatory materials, some of which the United States has voluntarily agreed to produce,

It is hereby ORDERED:

1. The attorneys for the United States may disclose to counsel for the Defendants grand jury transcripts, memoranda of interview and other transcripts that (a) must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, or (b) that the United States seeks to disclose in the interest of justice and fairness to enable Defendant to prepare for trial;

2. Except as permitted by Federal Rule of Criminal Procedure 6(e), this Order, or other court order, defense counsel shall not disclose any transcript or law enforcement memoranda of interview or the contents thereof to any other person, provided that, for the sole purpose of preparing for trial:

   a. defense counsel may show transcripts and memoranda to any Defendant but must maintain physical possession and control of all transcripts and memoranda without copying same;

   b. defense counsel may provide a prospective witness with a transcript of his or her testimony; and

   c. defense counsel may permit secretaries, clerical workers, paralegals and experts retained to assist in the preparation of this case for trial to view the transcripts and memoranda solely for the purpose of assisting counsel to prepare for the trial of this case.

3. Except as permitted by Federal Rule of Criminal Procedure 6(e), each witness or potential witness to whom transcripts or memoranda have been shown or their contents disclosed pursuant to paragraph 2 of this order, shall not discuss with or disclose the contents thereof to anyone other than (a) defense counsel who disclosed such materials or (b) the witness's counsel, who shall not be permitted to further disclose such material;

4. Defense counsel shall take appropriate measures to ensure that each person to whom counsel discloses material covered by this Order, including counsel's representatives and employees, understands the limited purpose for which it is being disclosed and the prohibition against further dissemination;

5. Any notes or recorded notations of any kind that defense counsel, their secretaries, clerical workers, paralegals, or experts may make relating to the contents of the transcripts or memoranda shall not be shown to anyone except their own client, and then only for the sole purpose of the defense of the indictment in this case, and defense counsel shall maintain the confidentiality of these materials pursuant to the terms of this Order after this case is disposed of by trial, appeal, if any, or other resolution of the charges against the Defendants;

6. All transcripts and memoranda disclosed pursuant to paragraphs 1 and 2 of this order and all copies thereof shall either be promptly destroyed or returned to the United States after this case is disposed of by final, non-appealable judgment or other resolution of the charges against the Defendants;

7. In the event the terms of this Order are violated, defense counsel shall advise counsel for the United States immediately of the nature and circumstances of such violation; and

8. Nothing contained herein shall restrict or prevent any party from using any materials at trial to the extent otherwise permitted by law or restrict or prevent any party from

citing any materials in court papers filed in this case, provided such filings are made under seal where appropriate.

     DATED this 24th day of November, 2009.

                                   /s/ Janet C. Hall
                                   HON. JANET C. HALL
                                   UNITED STATES DISTRICT JUDGE